IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2082-D

| | | |
|---|---|---|
| CLINTON SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GERALD BRANKER, Warden, | ) | |
| Central Prison, Raleigh, North Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

Clinton Cebert Smith ("petitioner" or "Smith"), a state inmate, petitioned (through counsel) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 13, 2010, the court granted respondent's motion for summary judgment [D.E. 17]. On October 7, 2010, Smith filed a notice of appeal [D.E. 19]. On January 12, 2011, Smith filed pro se "objections to the recommendation of the Magistrate Judge," which the court construes as a motion for reconsideration [D.E. 22].

Smith seeks reconsideration of the court's order granting summary judgment on a host of issues that were not raised in his petition or the parties' briefs on summary judgment, and complains of performance by counsel at all levels. See Mot. Reconsideration 2–6. Ordinarily, "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed." Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978); see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Haefner v. County of Lancaster, 116 F.3d 1473, 1997 WL 355533, at *1 (4th Cir. June 27, 1997) (per curiam) (unpublished table decision) (applying Lewis to Rule 60(b) motion for reconsideration). However, because Smith raises new arguments and claims which are not currently part of the pending appeal, the court proceeds to consider Smith's

motion. Cf. United States v. McNair, 340 F. App'x 879, 881 (4th Cir. 2009) (per curiam) (unpublished).

Federal Rule of Civil Procedure 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . newly discovered evidence . . . [or] fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)–(3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If these threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Smith has failed to establish a meritorious claim or defense. Smith's arguments are nothing more than an attempt to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quotation omitted). Accordingly, Smith fails to meet Rule 60(b)'s threshold requirements.

Federal Rule of Civil Procedure 59(e) also permits a court to alter or amend a judgment, but the motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Smith filed his latest motion approximately four months after the entry of judgment, and thus he may not proceed under Rule 59(e). See Robinson, 599 F.3d at 412. Moreover, "Rule 59(e) . . .

2

may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (quotation omitted); see Robinson, 599 F.3d at 411.

In sum, the court DENIES Smith's motion for reconsideration [D.E. 22].

SO ORDERED. This **17** day of May 2011.

*[signature]*
JAMES C. DEVER III
United States District Judge

3